IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PATRICIA J. RECKLEY,<br><br>          Plaintiff,<br><br>vs.<br><br>COMMUNITY NURSING, INC. d/b/a THE VILLAGE HEALTH & REHABILITATION,<br><br>          Defendant. | CV 19-119-M-KLD<br><br>ORDER |

Plaintiff Patricia Reckley, who is proceeding pro se, has filed a Motion for Appointment of Counsel and for Injunctive Relief or Restraining Order. (Doc. 64). Plaintiff requests appointment of counsel under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12117(a) and the Fair Housing Act (FHA), 42 U.S.C. § 3613(b)(1). This is Plaintiff's third motion seeking court appointed counsel under the ADA, and her second motion seeking counsel under the FHA. (See Docs. 13, 58). In denying the prior motions, the Court has determined that Plaintiff is not entitled to court appointed counsel because she has demonstrated that she is more than capable of articulating her legal claims and arguments, and the likelihood of her eventual success on the merits is not at all certain. (Docs. 60). The Court has reviewed Plaintiff's third motion and finds no basis for changing its prior determination that appointment of counsel is not justified under the circumstances.

1

Plaintiff also requests "injunctive relief" or a "restraining order" directing Defendant Community Nursing, Inc. d/b/a The Village Health & Rehabilitation to return her to the room she previously occupied at Defendant's facility. (Docs. 64, 65) Although Plaintiff has not cited any rule or other supporting authority, it appears she is requesting a preliminary injunction under Federal Rule of Civil Procedure 65(a) or a temporary restraining order under Rule 65(b).

A temporary restraining order is an extraordinary remedy that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). By its terms, Rule 65(b) allows the court to grant temporary relief "without written or oral notice to the adverse party or its attorney" under certain specified circumstances. Fed. R. Civ. P. 65(b)(1). Unlike a temporary restraining order, a preliminary injunction can be issued only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Otherwise, the standards for a temporary restraining order and a preliminary injunction are the same. See *Stuhlbarg Int'l Sales Co., Inc. v. John d. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Here, Defendant has received notice of Plaintiff's motion and, as stated in the text of Plaintiff's motion, objects to her request for injunctive relief. (Doc. 64).

Accordingly, the Court construes Plaintiff's motion as an application for a preliminary injunction under Rule 65(a). See e.g. 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2951 (3d ed. 2019) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements.") For the reasons set forth above,

IT IS ORDERED that Plaintiff's third motion for appointment of counsel is DENIED.

IT IS FURTHER ORDERED that, to the extent Plaintiff requests a temporary restraining order under Rule 65(b), the Court construes Plaintiff's motion as a request for a preliminary injunction under Rule 65(a). The Court will rule on Plaintiff's motion for a preliminary injunction in due course after it is fully briefed and Defendant has had a full and fair opportunity to respond.

DATED this 20th day of November, 2020.

Kathleen L. DeSoto
United States Magistrate Judge