IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PATRICIA J. RECKLEY,<br><br>           Plaintiff,<br><br>vs.<br><br>COMMUNITY NURSING, INC. d/b/a THE VILLAGE HEALTH & REHABILITATION,<br><br>           Defendant. | CV 19-119-M-KLD<br><br>ORDER |

On November 19, 2020, Plaintiff Patricia Reckley, who is proceeding pro se, filed a Motion for Appointment of Counsel and for Injunctive Relief or Restraining Order. (Doc. 64). The Court denied Plaintiff's request for court-appointed counsel and construed her request for a temporary restraining order as a motion for a preliminary injunction under Federal Rule of Civil Procedure 65(a). (Doc. 66). The motion is fully briefed, and the Court has considered the arguments and evidence submitted by the parties. For the reasons set forth below, Plaintiff's motion is denied.

**I.     Background**

Defendant Community Nursing, Inc. d/b/a The Village Health & Rehabilitation ("The Village") is a skilled nursing facility that provides rehabilitation services and long-term care. Plaintiff is a wheelchair-bound

1

paraplegic who relies on adaptive devices to complete basic activities of daily living and has occupied a room at The Village since August 2017. Plaintiff brings claims against The Village under Titles III and V of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq. (Doc. 56). Generally speaking, Plaintiff alleges that The Village has failed to accommodate her disability-related functional limitations and has retaliated against her for exercising her rights under the ADA.

In October 2020, it became necessary for The Village to expand its Covid-19 unit after a number of its residents tested positive for the virus. (Doc. 69 at ¶ 2). Based on guidance from the Centers for Disease Control and Prevention for nursing homes, The Village converted the 700-hall of rooms at its facility into a Covid-19 unit in order to maintain physical separation between residents who had tested negative for Covid-19 and residents who had tested positive. (Doc. 69 at ¶¶ 2-3.). As a result, the existing residents of the 700-hall, including Plaintiff, were asked to move to different rooms in the facility. (Doc. 69 at ¶ 4). According to The Village, Plaintiff was initially unwilling to change rooms but later agreed when offered a private room. (Doc. 69 at ¶ 4). As Plaintiff describes it, she was "coerced" into leaving her room because The Village began moving residents who had tested positive for Covid-19 into rooms on the 700-hall. (Doc. 65 at 2).

In her pending motion for a preliminary injunction, Plaintiff asks the Court to order The Village to return her to the room she previously occupied on the 700-hall.

## II.     Legal Standard

The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered. See *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of an injunction, (3) that the balance of equities tips in the plaintiff's favor, and (4) that the injunction is in the public interest. *Winter*, 555 U.S. at 20. While the likelihood of success on the merits is the most important factor, *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 846, 856 (9th Cir. 2017), a plaintiff "must satisfy all four *Winter* prongs in order to secure an injunction." *Cottonwood Envtl. Law Center v. U.S. Sheep Experiment Station*, 2019 WL 3290994 at *1 (D. Mont. July 22, 2019) (citing *Alliance of the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).

Injunctive relief can be classified as mandatory or prohibitory. *Balzarini v. Diaz*, 2020 WL 4343153 at *1 (C.D. Cal. May 18, 2020). A mandatory preliminary injunction "commands a party to do some positive act, while a prohibitory injunction restrains a party from engaging in further acts." *Balzarini,* 2020 WL 4343153 at *1. Because they alter the status quo, mandatory injunctions are disfavored and "should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1043 (9th Cir. 1993).

### III. Discussion

Plaintiff seeks injunctive relief compelling The Village to return her to the room she previously occupied, thereby altering the status quo. Regardless of whether the injunctive relief sought is properly characterized as mandatory or prohibitory, Plaintiff has not met her burden of demonstrating that all four *Winter* prongs are satisfied.

### A.   Likelihood of Success on the Merits

Plaintiff has not shown likelihood of success on the merits of her claims. Although Plaintiff's complaint, liberally construed, was sufficient to survive dismissal for failure to state a claim for relief, Plaintiff must do more than merely state a claim for relief in order to show the likelihood of success on the merits. See e.g. *Aegis Software, Inc. v. 22nd District Agricultural Association*, 2016 WL 4680576 at *3 n. 2 (S.D. Cal. Sept. 6, 2016) (recognizing that while "allegations

may be sufficient to survive a motion to dismiss, the standard for a preliminary injunction requires the Court to determine whether Plaintiff is likely to succeed on the merits of its claim and not simply whether Plaintiff has stated a claim upon which relief could plausibly be granted"); *Arcsoft, Inc. v. Cyberlink Corp.*, 2016 WL 861103 at *3 n. 2 (recognizing that "[t]he standard on a Rule 12(b)(6) motion to dismiss is different than on a motion for a preliminary injunction"). This Court has previously determined when denying Plaintiff's requests for court appointed counsel that the "likelihood of Plaintiff's success on the merits is not at all certain." (Doc. 66 at 1).

In her supporting brief, Plaintiff challenges The Village's decision to convert the 700-hall where she previously resided into a Covid-19 unit and complains that The Village has exposed her to staff and other residents who tested positive for Covid-19. (Doc. 65). In her reply brief, Plaintiff again argues extensively that The Village has failed to effectively contain and prevent the spread of Covid-19 within its facility. (Doc. 79). These allegations are unrelated to Plaintiff's substantive legal claims that The Village failed to accommodate her disability-related functional needs in violation of the ADA, The Rehabilitation Act, and the FHA. To the extent Plaintiff is seeking injunctive relief based on claims not pled in the complaint, the Court does not have authority to issue an injunction. See *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

With respect to her failure-to-accommodate claims, Plaintiff argues that her new room does not have a roll-in shower and has several "accommodation problems" that she identified in a November 2, 2020 letter to The Village's executive director. (Doc. 65 at 2; Doc. 65-1). While Plaintiff clearly believes that her prior room "best accommodates" her functional needs, she does not point to evidence demonstrating a likelihood of success on the merits of her claim that The Village failed to accommodate her disability by moving her to a different room. To the contrary, The Village has come forward with evidence that it has addressed the accommodation issues raised by Plaintiff, including for example: moving her bed so that Plaintiff can turn her light on and off; moving her transfer poles; making staff available to do her laundry whenever needed; providing Plaintiff with the equipment and assistance necessary to complete her bowel protocol; ensuring that the bathroom curtain provides sufficient privacy; replacing a broken gripper bar about which Plaintiff expressed concern; and providing her with assistance showering in the spa room, which works as well for Plaintiff as the roll-in shower in her prior room did. (Doc. 69 ¶¶ 7-15). The Court finds that Plaintiff has not shown she is likely to succeed on the merits of her failure-to-accommodate claims.

To the extent Plaintiff is now alleging that The Village retaliated against her for exercising her rights under the ADA by moving her to a different room, she has similarly not shown a likelihood of success on the merits. The Village has come

forward with evidence that it asked Plaintiff to move to a different room because it was converting the 700-hall of its facility into a Covid-19 unit. Because The Village has produced evidence that Plaintiff's move was precipitated by its response to the Covid-19 pandemic, Plaintiff has not shown that she is likely to succeed on such a retaliation claim.

### B. Irreparable Harm

A party seeking preliminary injunctive relief must demonstrate a "present or imminent risk of likely irreparable harm" for which no remedy of law is available. *Ctr. for Food Safety v. Vilsack,* 636 F.3d 1166, 1173-74 (9th Cir. 2011). The mere "possibility" of harm is insufficient. *Winter*, 555 U.S. at 22.

Plaintiff has not alleged, much less demonstrated, that she faces a likelihood of irreparable harm if her request for preliminary injunctive relief is not granted. While Plaintiff certainly prefers her prior room on the 700-hall, she has not alleged facts or come forward with evidence demonstrating that she is being irreparably harmed while residing in her new room. Again, The Village has come forward with evidence that it has addressed the issues raised in Plaintiff's motion for preliminary injunction and related documents, and that it is taking reasonable measures to address her functional needs.

### C. The Balance of Equities

Under the balance of the equities factor, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding the requested relief." *Winter*, 555 U.S. at 24. "To determine which way the balance of the hardships tips, a court must identify the possible harm caused by the preliminary injunction against the possibility of the harm caused by not issuing it." *University of Hawaii Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1108 (9th Cir. 1999). The court must then weigh "the hardships of each party against one another." *Cayetano*, 183 F.3d at 1108.

Here, the balance of the hardships weighs in favor of The Village and against granting a preliminary injunction. As explained above, Plaintiff's move was precipitated by The Village's attempts to comply with guidance from the Centers for Disease Control while dealing with the effects of the global Covid-19 pandemic on its staff and residents. The Village has presented evidence that after Plaintiff moved to her new room, it closed the 700-hall, which is no longer staffed and is not expected to open anytime soon due to The Village's reduced population. (Doc. 69 at ¶ 16). To grant Plaintiff's request for a preliminary injunction and direct The Village to return Plaintiff to a room in a portion of the facility that has since closed and is no longer staffed would be to impose a significant hardship on The Village. Without injunctive relief, Plaintiff will remain in her new room, which according to evidence presented by The Village is adequate to accommodate

her functional needs. The Court therefore finds that the balance of hardships weighs against granting the preliminary injunctive relief Plaintiff seeks.

### D. Public Interest

"The public interest inquiry primarily addresses impact on non-parties rather than parties." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 931-32 (9th Cir. 2003). For the first time in her reply brief, Plaintiff argues The Village is perpetuating disability discrimination against paraplegics, thereby satisfying the public interest requirement for a preliminary injunction. (Doc. 79 at 1-2). As discussed above, however, The Village has come forward with evidence that Plaintiff's new room accommodates her functional needs. The Village is a skilled nursing facility navigating the difficult task of maintaining day-to-day operations during a pandemic, and the Court finds that the public interest weighs heavily in favor of allowing The Village to exercise its discretion while managing the care of its residents.

### IV. Conclusion

For the reasons set forth above, IT IS ORDERED that Plaintiff's motion for a preliminary injunction (Doc. 64) is DENIED.

DATED this 5th day of January, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge