IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PATRICIA J. RECKLEY,<br><br>           Plaintiff,<br><br>vs.<br><br>COMMUNITY NURSING, INC. d/b/a THE VILLAGE HEALTH & REHABILITATION,<br><br>           Defendant. | CV 19-119-M-KLD<br><br>ORDER |

On May 3, 2021, Plaintiff Patricia Reckley, who is proceeding pro se, filed a Joint Motion for a Discovery Conference and Request for a Cease and Desist Order. (Doc. 90). Plaintiff states that on May 1, 2021 she "witnessed Defendant making structural alterations to areas at issue before the court thereby destroying evidence of ADA non-compliance" and asks the Court to "issue an immediate Cease and Desist Order to prevent Defendant from destroying evidence vital to Plaintiff's case." (Doc. 90 at 1). Plaintiff further claims that Defendant has not been forthcoming in its discovery responses; has identified several witnesses who are no longer employed by Defendant and are moving out of state; has not given Plaintiff sufficient notice to allow her to conduct depositions, and; has not provided her adequate information so that she can determine who to depose. (Doc. 90 at 3).

1

In response to Plaintiff's motion, Defendant has submitted its original and supplemental responses to Plaintiff's first set of discovery requests for the Court's review. (Docs. 92-1; 92-2). Defendant has also provided copies of correspondence with Plaintiff, in which defense counsel addresses many of the discovery issues raised by Plaintiff. (Doc. 92-3). For example, in a letter dated March 29, 2021, defense counsel explains that she has provided Plaintiff "with contact information regarding all the potential witnesses we have identified, including the home addresses of certain former employees," and advises Plaintiff that she is free to contact those individuals either directly or through defense counsel to arrange for a deposition. (Doc. 92-3 at 2). And in an April 2, 2021 follow up letter, defense counsel reiterates that, "[a]s I have stated previously, you are welcome to begin scheduling the depositions of any potential witnesses," and states that she "available to assist with selecting an appropriate date and time for any such depositions of The Village's employees." (Doc. 92-3 at 4).

With respect to Plaintiff's request for a cease and desist order, Defendant assumes Plaintiff "is referencing certain items in Defendant's facility that Defendant determined were appropriate to retrofit." (Doc. 92 at 2). As Defendant correctly points out, the remedies available under Title III of the ADA are limited to injunctive relief. See *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (explaining that "[d]amages are not recoverable under Title III of the ADA – only

injunctive relief is available for violations of Title III"). "Because a private plaintiff can only sue for injunctive relief (i.e., for removal of the barrier) under the ADA, the Ninth Circuit has held that 'a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Sanchez v. Yellow Basket Restaurant*, 2019 WL 6605405 at *3 (C.D. Cal. Oct. 21, 2019) (quoting *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). See also *Antonio v. Yi*, 694 Fed. Appx. 620, 622 (9th Cir. 2017) (holding that the "Defendants' voluntary compliance with the ADA prior to trial moots the case").

In reply, Plaintiff stands by her position that Defendant's discovery responses are inadequate, but agrees that "a cease and desist order may no longer be appropriate." (Doc. 93 at 8). Rather, Plaintiff anticipates that "[a] Motion for Summary Judgment on the areas in question may be more appropriate," and states that she "is unsure if a discovery status conference would be helpful or if a Rule 37(a) Motion to Compel would be more appropriate at this time." (Doc. 93, at 8).

The Court has reviewed Plaintiff's discovery requests and Defendant's original and supplemental responses. Notwithstanding Plaintiff's arguments to the contrary, the Court finds that Defendant's responses are adequate and it is not necessary to hold a discovery status conference at this time. In addition, Plaintiff has not shown that the circumstances warrant a "cease and desist" order or any other form of injunctive relief at this juncture.

Accordingly, for the reasons outlined above,

IT IS ORDERED that Plaintiff's Joint Motion for a Discovery Status Conference and Request for a Cease and Desist Order (Doc. 90) is DENIED.

DATED this 8th day of June, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge