IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PATRICIA J. RECKLEY,<br><br>  Plaintiff,<br><br>vs.<br><br>COMMUNITY NURSING, Inc. dba<br>THE VILLAGE HEALTH &<br>REHABILITATION,<br><br>  Defendant. | CV 19-119-M-KLD<br><br><br>ORDER |

This matter comes before the Court on Defendant Community Nursing, Inc. d/b/a The Village Health & Rehabilitation's ("The Village") motion to exclude pro se Plaintiff Patricia Reckley's expert witness. (Doc. 99). For the reasons set forth below, the motion is granted.

## I.   Background

On May 20, 2021 Reckley served her expert witness disclosure identifying Chris Murphy, an employee of Rocky Mountain ADA Center in Colorado Springs, as her only expert witness. (Doc. 100-1). Reckley's disclosure states that Murphy has been assisting her by reviewing photographs of specific areas she encountered at The Village's skilled nursing and rehabilitation facility "to determine which

1

ADA regulations apply and where there is evidence of noncompliance." (Doc. 100-1, at 2). As Murphy states in his comments, "I made my best assessment with the questions I had from a few of the photographs provided." (Doc. 100-1, at 7).

Reckley explains that Murphy provided this service free of charge, and that Murphy "will not be available to testify" at trial because providing expert witness services is beyond the scope of the funding received by the agency he works for. (Doc. 100-1, at 3; Doc. 109, at 5).

**II.    Discussion**

The Village moves to exclude Murphy as an expert witness and to preclude Reckley from relying on his "report" at trial. The Village argues that Reckley should not be permitted to designate and rely on Murphy as an expert witness, while denying The Village an opportunity to depose and cross-examine him.

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." The purpose of Rule 26(b)(4)(A) is to ensure that parties can properly prepare for cross-examination of expert witnesses at trial. See Fed. R. Civ. P. 26, Advisory Committee Notes Subdivision (b)(4) (1970). Thus, if Reckley intended to call Murphy as an expert witness at trial, The Village would be entitled to depose him prior to trial and Reckley would be required to make him available

for that purpose.

As Reckley's expert witness disclosure makes clear, however, Murphy will not be testifying at trial. (Doc. 100-1, at 3). Instead, it appears that Reckley seeks to introduce the materials she received from Murphy as an expert report and rely on that report at trial. The Village argues it would be "contrary to the applicable Rules and fundamental fairness" to admit Murphy's "report" without The Village having had the opportunity to depose and cross-examine Murphy prior to trial, or having the chance to cross-examine him during trial.

The Court agrees that Murphy's "expert report" is not admissible. Under Federal Rule of Evidence 802, hearsay evidence is inadmissible unless it falls within one of the exceptions set forth in Rules 803 and 804. Hearsay is a statement, other than one made by the declarant while testifying at trial, that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Expert reports are generally inadmissible hearsay. See e.g. *Escobar v. Airbus Helicopters SAS*, 2016 WL 6024441, at *1 (D. Haw. Oct. 4, 2016) (citing *Hunt v. City of Portland*, 599 Fed. Appx. 620, 621 (9th Cir. 2013) (concluding that expert report was inadmissible hearsay)). Application of the hearsay rule to "expert reports is quite straightforward. The reports are out-of-court statements by witnesses offered for their truth and so fall within the definition of hearsay." *Alexie*

*v. United States,* 2009 WL 160354, at *1 (D. Alaska Jan. 21, 2009). The same holds true here, which means that Murphy's "expert report" is hearsay and is not admissible unless an exception to the hearsay rule applies.

Reckley has not shown that Murphy's "expert report" falls within any of the hearsay exceptions enumerated in Rule 803, all of which are inapplicable here. Reckley refers to Rule 804, which provides an exception to the rule against hearsay in certain situations where the declarant is "unavailable as a witness." Fed. R. Evid. 804(a). However, Reckley has not shown that Murphy is "unavailable as a witness" within the meaning of Rule 804(a), as required for any of the enumerated exceptions under Rule 804(b) to apply.

Reckley further argues that, "[a]s an employee of a government funded program," Murphy "may qualify for Rule 807(a)(1)(2) Residual Exception." (Doc. 109, at 1). Rule 807(a) excludes a statement from hearsay if "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material facts; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice." *K.C.R. v. County of Los Angeles*, 2016 WL 9455632, at *1 (C.D. Cal. March 18, 2016) (citing Fed. R. Evid. 807(a)). Rule 807(a)'s residual

exception "is to be used rarely and in exceptional circumstances." *K.C.R.*, 2016 WL 9455632, at *2 (citing *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 963 (9th Cir. 1980) and several other cases).

Reckley does not point to any exceptional circumstances that would warrant application of the Rule 807(a)'s residual exception, and the Court sees none. While Reckley emphasizes that she is "a pro se litigant who is inexperienced with submitting expert witness testimony to the court," (Doc. 109, at 1), pro se litigants must follow the same rules of procedure that govern other litigants. See *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa County,* 693 F.3d 896, 925 (9th Cir. 2012); *Milke v. City of Phoenix*, 2020 WL 6383252, at *18 n. 17 (D. Ariz. Oct. 30, 2020). In addition, because The Village has not had opportunity to cross-examine Murphy during a deposition, his "expert report" does not have sufficient guarantees of trustworthiness, which weighs against Reckley's cursory argument that the residual exception "may" apply here. See e.g. *United States v. Sanchez-Lima*, 161 F.3d 545, 547-48 (9th Cir. 1998) (explaining that a prior opportunity to cross examine a witness is relevant to the trustworthiness inquiry). Admitting Murphy's "expert report" under these circumstances would not best serve the purposes of the Federal Rules of Evidence or the interests of justice. Accordingly, the Court concludes that Murphy's "expert

report" constitutes inadmissible hearsay and is properly excluded.

## III.   Conclusion

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Exclude Plaintiff's Expert Witness (Doc. 99) is GRANTED.

DATED this 30th day of August, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge