IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PATRICIA J. RECKLEY,<br><br>          Plaintiff,<br><br>vs.<br><br>COMMUNITY NURSING, INC. d/b/a THE VILLAGE HEALTH AND REHABILITATION,<br><br>          Defendant. | CV 19-119-M-KLD<br><br>**ORDER** |

On October 1, 2021, pro se Plaintiff Patricia Reckley filed a Motion to Strike and/or for Protective Order and Review. (Doc. 130). Reckley requests a protective order for two purposes: (1) to prevent Defendant Community Nursing, Inc. d/b/a The Village Health & Rehabilitation ("The Village") from filing documents containing sensitive health information without redacting the information or filing the documents under seal; and (2) to prevent "unnecessary inquiry" into matters concerning her "private bathroom routine" during depositions. (Doc. 130).

The Village states in response that it has already offered to redact any portions of its pleadings which Reckley believes contain sensitive health

information, and to file the unredacted versions under seal. (Doc. 133, at 2; Doc. 133-1). Based on the arguments Reckley makes in her supporting brief (Doc. 130), The Village has provided proposed redacted versions of four documents associated with its motion for summary judgment: (1) the Second Affidavit of Dee Strauss (Doc. 133-2); (2) relevant portions of Reckley's deposition (Doc. 133-3); (3) page 8 of The Village's Statement of Undisputed Facts (Doc. 133-4); and (4) page 6 of The Village's Brief in Support of its Motion for Summary Judgment (Doc. 133-5). The Village explains that it has no objection to filing versions of these documents for the public record with these redactions, and filing the unredacted versions under seal. (Doc. 133, at 2)

To the extent Reckley seeks a protective order to prevent The Village from conducting further inquiry into her private bathroom routine, Reckley placed these matters at issue by alleging in her Amended Complaint that The Village interfered with her bathroom routine and that her bathroom facilities are insufficient. (Doc. 82, ¶¶ 13, 19). Furthermore, discovery in this matter closed on August 13, 2021. (Doc. 78). The Village explains that the last of the depositions it agreed to let Reckley take after the discovery deadline was accomplished on September 10, 2021. (Doc. 133, at 3). Thus, any request for a protective order relating to further depositions in this matter is moot.  Accordingly,

IT IS ORDERED that Reckley's Motion to Strike and/or for Protective Order and Review (Doc. 130) is GRANTED to the extent that the Clerk of Court shall designate the following documents as having been filed under seal: (1) the Second Affidavit of Dee Strauss (Doc. 123-1); (2) Reckley's deposition transcript (Doc. 123-3); (3) The Village's Statement of Undisputed Facts (Doc. 123); and (4) The Village's Brief in Support of its Motion for Summary Judgment (Doc. 124). As soon as practicable, The Village shall refile redacted versions of these documents.  Reckley's Motion is DENIED in all other respects.

DATED this 27th day of October, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge