IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PATRICIA J. RECKLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY NURSING, INC. d/b/a THE VILLAGE HEALTH & REHABILITATION,<br><br>Defendant. | CV 19-119-M-KLD<br><br>ORDER |

Defendant Community Nursing, Inc. d/b/a The Village Health & Rehabilitation ("The Village") has filed a Motion to Dismiss due to the death of Plaintiff Patricia J. Reckley. (Doc. 145). The Village has advised the Court that Reckley passed away on April 13, 2022. (Doc. 145, at 2).

Reckley's Amended Complaint primarily alleged claims under Title III of the Americans with Disabilities Act ("ADA"), and for prohibited retaliation under the ADA. The only remedy available to private litigants under Title III of the ADA is injunctive relief. *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1136 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)). Injunctive relief is also the only

1

remedy available for claims based on an alleged violation under the ADA for retaliation. See, *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269 (9th Cir. 2009). "Because the only remedy available to private litigants under Title III of the ADA is injunctive relief," Reckley's death renders her claims moot "as there is necessarily no prospect of future injury." *Kalani v. Starbcuks Coffee Co.*, 698 Fed Appx. 883, 885 (9th Cir. 2017) (citing *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016)). To the extent Reckley also sought injunctive relief under the Rehabilitation Act and the Fair Housing Act, her claims are properly analyzed through the ADA and are also moot. Accordingly,

IT IS ORDERED that The Village's Motion to Dismiss (Doc. 145) is GRANTED. The above-captioned matter is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close the case file.

DATED this 16th day of May, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge